JOSHUA E. KIRSCH (179110)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:  (415) 348-6000
Facsimile:  (415) 348-6001
Email:      jkirsch@gibsonrobb.com

Attorneys for Plaintiffs
THE TJX COMPANIES, INC.; and
AFFILIATED FM INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TJX COMPANIES, INC.; and AFFILIATED FM INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>MAERSK A/S; and DOE ONE through DOE TEN,<br><br>Defendants. | Case No. 2:23-cv-02092<br><br>**COMPLAINT FOR DAMAGE TO AND NON-DELIVERY OF OCEAN CARGO** |

Plaintiffs' complaint follows:

1.   Plaintiff THE TJX COMPANIES, INC. ("TJX") is now, and at all times herein material was, a corporation duly organized and existing by virtue of law, and was the owner of the hereinafter described cargo.  Plaintiff AFFILIATED FM INSURANCE COMPANY ("AFFILIATED FM") is now, and at all times herein material was, a corporation duly organized and existing by virtue of law, and was the insurer of the hereinafter described cargo.

2. Plaintiffs are informed and believe that defendant MAERSK A/S, a corporation, ("MAERSK") is now and at all times material herein was engaged in business as a common carrier of goods by ocean for hire within the United States and within this judicial district. Maersk operates a business office at 2200 Technology Place, Long Beach, CA 90810. The true names of defendants sued herein as DOE ONE through DOE TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the damage herein complained of, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend their complaint to show the true names of said defendants when the same have been ascertained. All allegations against the named Defendant are also made against DOES ONE through TEN.

3. Plaintiffs' Complaint contains a cause of action for damage to cargo arising under a statute of the United States, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, *et seq.*, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

4. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. This is a cause of action for damage to ocean cargo and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b).

6. On or about January 12, 2022, defendants received the following seven shipments:

    i.    342 cartons of comforter sets under bill of lading no. 215414539;

    ii.    900 cartons of cushions under bill of lading no. 215980913;

    iii.    2570 packages of throws under bill of lading no. 215980936;

    iv.    316 cartons of toys under bill of lading no. 292477479;

    v.    5384 cartons of hats under bill of lading no. 215414632;

    vi.    904 cartons of cushions under bill of lading no. 215980817;

      vii.    485 cartons of poly resin planters under bill of lading no. 291585477;

Defendants issued the bills of lading listed above, and others, for carriage, and agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Shanghai, China (and Hong Kong, China as to bill of lading no. 292477479; and Xiamen, China, in the case of bill of lading no. 291585477) to Seattle, Washington, and there deliver said cargo to the lawful holder of the bills of lading, and others, in the same good order, condition, and quantity as when received.  The bills of lading designated the "Notify Party" as "Expeditors, Los Angeles", at 19701 Hamilton Ave., Suite 100, Torrance, CA 90502.

7.    Thereafter, in breach of and in violation of said agreements, defendants did not deliver said cargo in the same good order, condition, and quantity as when received. To the contrary, the cargo was never delivered. The total value of the non-delivered cargo was $289,249.70.  It is believed that all seven shipments were lost overboard at sea in the same incident.

8.    Prior to the shipment described above, and prior to any loss thereto, Plaintiff AFFILIATED FM issued its policy of insurance whereby Plaintiff AFFILIATED FM agreed to indemnify the owner of the cargo, and its assigns, against loss of or damage to the cargo while in transit, including mitigation expenses, and Plaintiff AFFILIATED FM has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy, the sum of $239,249.70, which is the value of the lost cargo on account of the loss described above, net of a $50,000 deductible.  Plaintiff TJX has suffered the deductible loss.

9.    Plaintiff AFFILIATED FM has therefore been damaged in the sum of $239,249.70, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.  Plaintiff TJX has therefore been damaged in the sum of $50,000, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

NOW THEREFORE, having stated a cause of action for breach of contract of carriage pursuant to U.S. COGSA against Defendants, Plaintiffs pray for judgment against defendants in the total amount of not less than $289,249.70, plus pre-judgment interest, and such further and other amounts as may be proven at the time of trial, together with costs of suit and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

Dated: March 21, 2023

GIBSON ROBB & LINDH LLP

/s/ JOSHUA E. KIRSCH
Joshua E. Kirsch
jkirsch@gibsonrobb.com
Attorneys for Plaintiffs
THE TJX COMPANIES, INC. and
AFFILATED FM INSURANCE COMPANY